UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

NENG POR YANG,

    Plaintiff,

v.

THE CITY OF SHAKOPEE, THE
SHAKOPEE POLICE DEPT., Sgt. JOHN
BUETOW, Sgt. BOB FORBERG, Officer
JOHN KOLAR, Captain CRAIG ROBSON,
Officer SCOTT WEIERS, Chief JEFF
TATE, PATRICK J. CILIBERTO, WILLIAM
C. STRAIT, ANN MARIE HOLLAND,
MARY ROE, KEVIN C. QUIGLEY, COREY
J. AYLING, McGRANN SHEA ANDERSON
CARNIVAL STRAUGHN & LAMB
Chartered Law Firm, and HAMILTON
QUIGLEY & TWAIT,

    Defendants.

Civil No. 09-3216 (PAM/JJK)

**REPORT AND
RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**BACKGROUND**

Although the 51-page Complaint in this matter is, by and large, incoherent, the

1

following background can be gleaned from it and from the exhibits attached to it. The Complaint shows that Plaintiff has been waging a vendetta for almost three years against Ann Marie Holland, a court reporter. In January 2007, Plaintiff subpoenaed a police officer from the City of Minneapolis to appear at a deposition on January 12, 2007, at the office of the court reporting firm Esquire Deposition Service. The police officer did not appear at the deposition; Ann Marie Holland was the reporter who was at the deposition. When the officer did not show up, Plaintiff put a one-paragraph statement on the record that the witness had not appeared. Ms. Holland transcribed the statement and emailed it to Plaintiff on January 14, 2007. Then the problems started.

On January 22, 2007, Plaintiff commenced a lawsuit in Hennepin County District Court against Esquire Deposition Service "for breach, frauds, and malpractice," alleging that Ann Marie Holland was not a court reporter, but was a spy for the United States, and sought $100 million in damages. (Doc. No. 1, Compl. at 7; *see also* Compl. at Exhs. D, R.) On July 10, 2007, summary judgment was granted in favor of the defendant and a judgment of $982.05 awarded against Plaintiff. Judge Francis Connolly found that Ms. Holland was not a covert United States agent and found the Plaintiff's case to be speculative and without merit. (Compl. at Exh. T.) On July 20, 2007, Plaintiff filed another suit in Hennepin County, this time against Ann Marie Holland individually, attacking her credentials as a court reporter. In the suit against Esquire, Plaintiff had made similar allegations about Ms. Holland's credentials. The Hennepin County District Court dismissed the case against Ms. Holland on October 8, 2007. Ms. Holland, in what turned out to be an unfortunate move, submitted an affidavit to the Hennepin County District Court, in connection with the summary judgment motion,

detailing her educational background, training, and work history.

Plaintiff also started a third lawsuit in Hennepin County in 2007, in which he alleged that Ms. Holland was not a court reporter, but rather a spy for the government, a case entitled *Yang v. Kirby A. Kennedy & Associates*, Hennepin County District Court, No. 27CV076166. The court granted summary judgment dismissing this case on November 16, 2007.

Using the material he had gathered from these cases, including Ms. Holland's affidavit and attached resume, Plaintiff commenced an investigation of Ms. Holland and her attorneys in November 2007, which ultimately led to the Scott County District Court entering a Harassment Restraining Order barring Plaintiff from having any contact with Ms. Holland, and requiring that Plaintiff stay away from her residence and places of employment. The court based its order on its finding that there were reasonable grounds to believe that Plaintiff was following, pursuing, or stalking Ms. Holland; making uninvited visits to her; frightening her with threatening behavior; and interfering with her employment. This order remained in effect for two years, until November 16, 2009. (Compl. at Ex. G.)

Plaintiff continued his investigation of Ms. Holland in 2008, and claims that he then found out the information that forms the basis of this federal lawsuit, that is, that the woman who purports to be court reporter Ann Marie Holland is an imposter who has stolen the identity of the real Ann Marie Holland and has been conspiring with the real Ann Marie Holland to defraud Plaintiff, the police and the courts. Plaintiff also asserts that the lawyer, Defendant Kevin C. Quigley, who represented Ms. Holland in the earlier legal matters in Hennepin County and Scott County District Courts, was an imposter

3

who was in on the identity theft, and that various Scott County officials, including police officers and prosecutors, have joined in the conspiracy against him.

According to the Complaint, Plaintiff was arrested on December 3, 2008, pursuant to a Scott County warrant for violating the Harassment Restraining Order because of Plaintiff's alleged "harassment stalking" of Ms. Holland. (Compl. at 19-20.) He was detained in Scott County Jail until March 5, 2009. (Compl. at 21.) Plaintiff contends that he tried to convince the Scott County authorities to prosecute Ms. Holland for identity theft before and during his incarceration, and that he tried to defend the alleged violation of the Harassment Restraining Order on that basis, but to no avail.

On May 12, 2009, Plaintiff moved the Scott County District Court to dismiss the Harassment Restraining Order "due to the petition & an imposture's identity misrepresentation, deception, and perjury legal filings." (Compl. at Ex. S.) Plaintiff again argued that the court reporter who recorded his statement and the deposition was an imposter and that the real Ann Marie Holland had been aiding and abetting the imposter as part of a conspiracy against him. (*Id.*) On June 2, 2009, the Scott County District Court denied Plaintiff's motion for relief from the Harassment Restraining Order because Plaintiff had not sufficiently or reliably alleged any of the allowable grounds for such relief. (*Id.*) The materials submitted by Plaintiff with the Complaint indicate that as of October 23, 2009, there may be criminal charges pending in Scott County against Plaintiff arising out of his alleged violation of the Harassment Restraining Order. (*See* Compl. at Ex. U.)

On November 13, 2009, the Scott County District Court entered another Harassment Restraining Order barring Plaintiff from harassing Ann Marie Holland,

4

having any contact with her, requiring that he stay away from her home. This restraining order, like the first one, is to remain in effect for two years.

## DISCUSSION

### I. Standard of Review

An IFP application will be denied, and the action will be dismissed, if a plaintiff has filed a pleading that is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A pleading is "frivolous," and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *See also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The Supreme Court has held that federal courts, acting *sua sponte*, should not dismiss an action commenced by an IFP applicant, if the facts alleged in the applicant's pleading are merely "unlikely." *Denton*, 504 U.S. at 33. However, an IFP action can properly be dismissed, *sua sponte*, if the plaintiff's allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*, citing *Neitzke*, 490 U.S. at 325, 328. A complaint is "malicious" if it is filed in bad faith to harass the named defendants, or if it presents abusive or repetitive claims. *See Carter v. Schafer*, 273 Fed.Appx. 581, 582 (8th Cir. 2008).

### II. Summary Dismissal

The in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. As the Supreme

5

Court notes in *Denton*, the district courts are "all too familiar" with factually frivolous claims and are positioned to sua sponte dismiss in forma pauperis complaints that so qualify. 504 U.S. at 33. And that is certainly the case here.

Plaintiff's 51-page Complaint alleging a wide-ranging conspiracy boils down to a claim that the court reporter ("Mary Roe"), who recorded his statement at the deposition on January 12, 2007, was an imposter, having taken the identity of a woman named Ann Marie Holland, and that the real Ann Marie Holland and Mary Roe are conspiring against Plaintiff along with an imposter attorney named Kevin Quigley. In this Court's view, these are just the type of frivolous, or indeed malicious, allegations that Congress gave the district courts authority to dismiss sua sponte. Plaintiff has repeatedly raised this claim, or some version of it, in the numerous state court proceedings described above, and each time Plaintiff's theory has been discredited. And, since all of Plaintiff's allegations against all Defendants in this Complaint are dependent on the bizarre "identity switch" theory, the Complaint should be dismissed in its entirety.

This Court's also has grave concern about the malicious nature of Plaintiff's action. The state court has dealt with, and may still be dealing with, the precise issues raised by Plaintiff's federal Complaint, and just one month ago entered a Harassment Restraining Order to stop Plaintiff from continuing his longstanding and strange vendetta against Ann Marie Holland. It seems that Plaintiff now seeks to use an in forma pauperis Complaint in federal court as one more weapon in his campaign, giving him a possible opportunity to have more contact with Ms. Holland through litigation, which in the normal course of things would include service of the Complaint, a required answer to the Complaint, pre-trial disclosure, motion practice, and of course, deposition

and document discovery.  The gatekeeping function envisioned by Congress through 28 U.S.C. § 1915 allows this Court to stop this.

In sum, based upon a careful review of all of Plaintiff's submissions in this case, the Court finds that his present Complaint is "frivolous" and "malicious," for purposes of 28 U.S.C. § 1915(e)(2)(B)(i).  This Court therefore recommends that Plaintiff's IFP application be denied, and that this action be summarily dismissed.

In addition, this Court has found that this is the sixth action filed by Plaintiff that, if this recommendation is adopted, this District Court has summarily dismissed because there are bizarre or incomprehensible allegations of conspiracies against Plaintiff.  *See Yang v. The Church of Jesus Christ of Latter Day Saints*, Civ. No. 07-05 (MJD/SRN), Doc. Nos. 3, 5 (alleging accusations of conspiracies, "Mind Reading," "Psychic and Fortune Telling" and "other Superstitious Influences against the Plaintiff during the Defendants [sic] years of working with Federal Agents of the United States Governments, in which the Defendants along with Federal Agents of the United States Governments were incriminating the Plaintiff to being a terrorist, criminals, drug dealers, and many, many other false and vicious crime acts"); *Yang v. Va*, Civ. No. 07-92 (MJD/SRN), Doc. No. 5, 6 (alleging, for example, that "[t]he Defendant is the key factor in persuading and brain washing the Plaintiff's family members in being involved in corrupted and unethical acts against the Plaintiff, by the means of abusing Federal authorities by all means necessary and hiding and using the Defendants corrupted Federal authorities to hide his corrupted abusive of the laws.  The Defendants was working in behalf of the highest of the Federal Governments - knowing full well beforehand that the conspiracies in which the Defendants has helped engaged within

along with Federal Agents of the United States Governments is just a conspiracies of corruption and deceit; recklessly disregard of the truth or falsity of the information, by an employee of the Federal Agency"); *see also Yang v. FBI*, Civ. No. 06-4110 (PJS/JJG), Doc. Nos. 5, 6; *Yang v. Yang*, Civ. No. 07-93 (PAM/JSM), Doc. Nos. 3, 4; *Yang v. The Church of Jesus Christ of Latter Day Saints*, Civ. No. 07-198, Doc. Nos. 4, 5. It appears to this Court that Plaintiff has grossly abused the federal court system, and that he is incapable of presenting any viable claim for relief. Therefore, this Court recommends that Plaintiff not be allowed to file any more actions in this District unless he is represented by counsel or obtains pre-authorization from a judge of this Court.[1]

### RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis (Docket No. 2), be **DENIED**;

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and

3. Plaintiff be restricted from filing any more actions in this District unless he is represented by counsel or obtains pre-authorization from a judge of this Court.

---

[1] Plaintiff has recently filed a pro se action entitled *Yang v. Rosenbaum et al.*, Civ. No. 09-3190. That action was not reviewed sua sponte (i.e., not reviewed for purposes of summary dismissal) because Plaintiff did not apply for IFP status there. Since *Yang v. Rosenbaum, et al.*, Civ. No. 09-3190 is already filed and a response in the form of a motion to dismiss has been filed by certain Defendants, this recommendation to restrict future filings of pro se actions would obviously not affect *Yang v. Rosenbaum et al.*, Civ. No. 09-3190.

Date: December 16, 2009

        *s/ Jeffrey J. Keyes*
        JEFFREY J. KEYES
        United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 1, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.