UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Neng Por Yang,                                                    Civ. No. 09-3216 (PAM/JJK)

                        Plaintiff,

v.                                                                **ORDER**

The City of Shakopee, the Shakopee
Police Department, Sgt. John Buetow,
Sgt. Bob Forberg, Officer John Kolar,
Captain Craig Robson, Officer Scott
Weiers, Chief Jeff Tate, Patrick J.
Ciliberto, William C. Strait, Ann Marie
Holland, Mary Roe, Kevin C. Quigley,
Corey J. Ayling, McGrann Shea Anderson
Carnival Straughn & Lamb Chartered
Law Firm, and Hamilton Quigley & Twait,

                        Defendants.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes dated December 16, 2009. In the R&R, Magistrate Judge Keyes recommended that the Court deny Plaintiff's application to proceed in forma pauperis and summarily dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Magistrate Judge Keyes further recommended that Plaintiff be restricted from filing any actions in this District without legal representation or pre-authorization from a Judge of the Court. Plaintiff filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C);

Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

Plaintiff raises five objections to the R&R. He contends that Magistrate Judge Keyes misunderstood his Complaint "and [sic] its entirety." (Obj. at 2.) He argues that the Magistrate Judge misunderstood the misrepresentations he alleges, and objects to the "Court's summary statements that the Plaintiff is relitigating issues . . . ." (Id. at 8.) He contends that the Court must prove that his allegations are false before the Court can dismiss the Complaint. (Id. at 9.) He also objects to the R&R's statements with respect to Plaintiff's past in forma pauperis applications. Finally, he objects to the Magistrate Judge's recommendation that he be prohibited from filing any further actions without legal representation or pre-authorization. He contends that such a restriction violates his right of access to the courts.

Magistrate Judge Keyes engaged in a thorough and detailed review of Plaintiff's Complaint and the exhibits attached to it. From that review, he concluded that Plaintiff had failed to state any claim on which relief could be granted and, further, that Plaintiff had brought the lawsuit merely to harass the named Defendants. As the R&R notes, Plaintiff's allegations border on the incoherent and are, to say the least, fantastical. Plaintiff alleges a wide-ranging conspiracy, originating with a court reporter who somehow was not a court reporter and who brought allegedly baseless stalking allegations against Plaintiff, forcing him to file numerous lawsuits. No fewer than two restraining orders have been entered against Plaintiff in state court. Plaintiff's current Complaint is merely a reiteration of his contentions

regarding identity theft by the court reporter, her attorney, and others involved in the case, and allegations that the individual Defendants are not who they say they are and are conspiring to deny him various constitutional rights.

As he was required to do, Magistrate Judge Keyes examined Plaintiff's allegations to determine whether the allegations state a claim. 28 U.S.C. § 1915(e). He correctly determined that the allegations in the Complaint are not only baseless, but fail to state a claim on which any relief can be granted. Thus, the R&R's recommendation that the Complaint be dismissed is adopted.

The Magistrate Judge recommended an additional remedy: that Plaintiff be precluded from filing any lawsuit in this Court unless he secures legal representation or the authorization to file such lawsuit from a Judge of this Court. As Plaintiff argues, this is an extreme remedy. It is, however, more than warranted in this case. Plaintiff is currently subject to a restraining order entered in Scott County, Minnesota, on November 13, 2009. His allegations here are a mere restatement of the issues raised by the action giving rise to the restraining order. The R&R found that Plaintiff is seeking to use this Complaint "as one more weapon in his campaign" against the court reporter and her attorney, a campaign characterized as a "longstanding and strange vendetta." (R&R at 6.) This Court agrees with the Magistrate Judge's characterization of this action.

Federal court is not the appropriate place for Plaintiff to play out his baseless and bizarre feud with the named Defendants. The purpose of litigation is to resolve disputes. There is no resolution to this dispute, because there is no dispute to resolve. Plaintiff's

allegations are utterly without merit. Furthermore, he has abused the litigation process by filing no fewer than six baseless lawsuits in this Court. The Magistrate Judge's recommendation regarding further filing privileges is not only appropriate, it is necessary.

The restriction the Court imposes does not deprive Plaintiff of his right of access to the courts. He may secure legal representation, even if cannot afford it, from any number of legal aid organizations in Minnesota. However, he will be unable to secure such representation if his claims continue to be without merit. If he is unable to find an attorney, he may seek permission from a Judge of this Court to file his allegations. Again, that permission will be denied only if the allegations are baseless. Thus, should Plaintiff have legitimate claims, he will be allowed to avail himself of the courts. Only if he continues to press his current baseless claims will he be foreclosed from filing in this Court.

**CONCLUSION**

Plaintiff has not established that the R&R's conclusions are incorrect. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Docket No. 4) is **ADOPTED**;

2. Plaintiff's application to proceed in forma pauperis (Docket No. 2) is **DENIED**;

3. The Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(I); and

4. Plaintiff is restricted from filing any further legal actions in this District unless he is represented by counsel or first obtains pre-authorization to file an action from a Judge of this Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>Wednesday, December 30, 2009</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge